**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00794-CV

_____

## IN RE DEMAREE REED, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## OPINION DISSENTING FROM THE DENIAL OF REHEARING

Relator Demaree Reed brought suit in the court below for damages under the Federal Employer's Liability Act ("FELA"). Six months after denying defendant Rail Link, Inc.'s motion for summary judgment on the issue of its status as a common carrier under FELA, the court below referred the question to the federal Surface Transportation Board ("STB") for determination under the doctrine of "primary jurisdiction." The STB does not have primary jurisdiction over the question; indeed, it does not have any jurisdiction at all.

This is how the STB itself describes its jurisdiction:

> The Surface Transportation Board is an independent federal agency that is charged with the economic regulation of various modes of surface transportation, primarily freight rail.
>
> The agency has jurisdiction over railroad rate, practice, and service issues and rail restructuring transactions, including mergers, line sales, line construction, and line abandonments. The STB also has jurisdiction over certain passenger rail matters, the intercity bus industry, non-energy pipelines, household goods carriers' tariffs, and rate regulation of non-contiguous domestic water transportation (marine freight shipping involving the mainland United States, Hawaii, Alaska, Puerto Rico, and other U.S. territories and possessions).

https://www.stb.gov/about-stb/ (Last accessed Dec. 23, 2024). It is a rate-setting body, and it does not have jurisdiction to determine common-carrier status for tort liability under FELA. The ICC Termination of Act of 1995, by which Congress created the STB, does not confer such jurisdiction. The STB Reauthorization Act of 2015, by which Congress established the STB as a wholly independent federal agency, does not confer such jurisdiction. *See generally* 49 U.S.C. § 10501. One might scour the entirety of the United States Code and the Federal Register and find nary a trace of such jurisdiction.

The doctrine of primary jurisdiction permits a court to refer a question to an agency only "when *both* have authority to make initial determinations in a dispute." *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (emphasis in original); *see In re Reed*, No. 01-22-00794-CV, 2024 WL

2

3503062, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2024, orig. proceeding) (quoting *Subaru of Am.*, 84 S.W.3d at 221). The court below is possessed of that authority, but the STB is not. The trial court thus abused its discretion, and shirked its duties to the State of Texas, in making the referral to the STB. This Court should have granted relief to the relator.

Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman

Justice Kelly, dissenting to the denial of rehearing.